ALBANY,
Feb. 1824.

WIGHTMAN *against* CLAPP.

Wightman
v.
Clapp.

ON certiorari to a Justice's Court.

*S. Cheever*, for the defendant, moved for a rule that the Justice amend his return, in several particulars, by stating certain evidence which was not mentioned either in the affidavit on which the certiorari was founded, or in the return of the Justice. The return was simply the Justice's certificate endorsed upon the copy of the affidavit served upon him, stating in effect, that the affidavit contained a true history of the proceedings in the cause before him. It appeared among other things, by this return, that Wightman, the plaintiff below, declared against Clapp, the defendant below, in assumpsit upon an account; that Clapp pleaded the general issue as to all except 5 dollars of the plaintiff's account, and a tender as to this, which he paid into Court. He also gave notice of set off. On the trial, there was no proof of a tender, nor was it stated in the affidavits or return, that there was any such proof offered upon the trial. It farther appeared from the return that the jury found a verdict for Clapp of $3 57, notwithstanding the $5 paid into Court. The fact was not contradicted by any of the affidavits.

*J. Koon*, contra.

*Curia.* On looking into the affidavits and return which have been submitted to us, we find the truth of the latter strongly supported by several witnesses; and the additional testimony which the defendant in error seeks to have returned, appears to us wholly immaterial; but if it were otherwise, it would be idle to grant an amendment, when we cannot help seeing from the whole case, that the judgment must be reversed. The defendant below pleaded a tender of 5 dollars, which he paid into Court, thereby admitting this sum to be due to the plaintiff. No proof of a tender was offered or pretended, nor it is now pretended that any

A motion to amend a justice's return to a certiorari, made by the defendant in error, will not be granted if it appear by opposing affidavits that the amendment sought will be incorrect in point of fact. Nor will it be granted where it appears that notwithstanding the amendment, the judgment must be reversed. Where in assumpsit, in the court below the defendant pleaded a tender, but the jury found for the defendant tho' there was no proof of the tender, *held*, that this was a fatal error; & a motion in behalf of the defendant below, who was also defendant in error, that the justice amend by returning proof in the cause upon another point was denied.

ALBANY,
Feb. 824.

such proof exists; yet the jury found 3 dollars and 57 cents for the defendant, cont:ary to his recorded confession he owed the plaintiff 5 dollars. Such a verdict cannot be sustained. An amendment would be useless, and is therefore denied.

Motion denied